IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CONVERGENT ASSETS LLC, § | |
| § | |
| Plaintiff § | |
| § | Civil Action No. |
| v. § | WA-23-CV-00181-AM |
| § | |
| SNAP INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant Snap, Inc.'s Motion to Transfer Venue. (ECF No. 9.) Having considered the briefs submitted, the oral argument presented, the relevant law, and for the reasons stated herein, the Motion to Transfer is GRANTED.

### I. INTRODUCTION

Plaintiff Convergent Assets brings this action alleging infringement of U.S. Patent No. 11,049,139 ("the Patent"). (ECF No. 1.) The Patent purports to cover technology related to, in layman's terms, targeted advertising. (ECF No. 9 at 6–7.) The Plaintiff claims certain aspects of Defendant Snap Inc.'s flagship product, Snapchat, infringe on the Patent. (*Id.*) The Defendant now moves the Court to transfer this matter to the Central District of California.

### II. STANDARD

Motions to change venue in patent cases are, like all other civil cases, governed by 28 U.S.C. § 1404(a). That statute reads, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

The Fifth Circuit has set forth a series of public and private factors lower courts are to consider in evaluating motions to transfer. The private factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of

attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The public factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Id.* (quotations and citations omitted).

Importantly, the Plaintiff's choice of venue is afforded deference but is not itself a distinct factor. *In re Horseshoe Entm't*, 337 F.3d 429, 434–35 (5th Cir. 2003); *In re Volkswagen of Am.*, Inc., 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").

### III. ANALYSIS

The Court will begin by noting that the parties agree this action could have been brought in the Central District of California, obviating the need to embark an analysis of second prong of the § 1404(a) analysis. All four public factors are neutral in this case. The difference in time to trial in this district compared to the Central District of California is not substantial. (ECF 9 at 23.) Federal law governs this action as opposed to any matters of foreign law. Likewise, the interest in having local issues tried at home is neutral because the Patent can hardly be said to be at home in the Western District of Texas. Since its filing, the Patent has had six owners in four states: California, Texas, Nevada, and New York. (ECF No. 9-4.) The Patent cannot then be thought of as a local issue when it is not in fact local.

Each of the private factors weigh in favor of transfer. The Court is satisfied after its review of the exhibits and arguments that the very substantial bulk of the evidence and witnesses needed for trial in this case are located in the Central District of California. The Court is aware of only two potential witnesses located in the Western District of Texas, both of whom have only recent and tangential involvement in the alleged infringement. (ECF No. 9 at 9, 16.) Conversely, all major players from Defendant's perspective, i.e. those relevant to the infringement acts, are located in the Central District of California, as are their attendant documents. (*Id.* at 16, 17.) In response, the Plaintiff can only point to a scattering of documents and persons located across the country, including Virginia and Illinois. (ECF No. 23 at 8, 9.) While those

2

two locations are closer to the Western District of Texas than the Central District of California, the vast bulk of identified witnesses and needed documents are not there, but in the Central District of California. Accordingly, the first and third factor weigh strongly in favor of transfer.

As to the third factor, compulsory process, the Court believes this factor is neutral. While most of the needed witnesses, almost universally employees of the Defendant, are located in the Central District of California, the Plaintiff has identified a handful located in the Western District of Texas. Crediting the Plaintiff's assertions as to their relative importance, the Court believes they balance each other. The fourth factor, being residual, is not relevant here.

Taking together the analysis of two factors weighing strongly in favor of transfer, the rest being neutral, and none in favor of maintaining venue in the Western District of Texas, the Court finds that transfer is appropriate.

## IV.  CONCLUSION

For the reasons stated herein, the Motion to Transfer is GRANTED. The Clerk is directed to transfer this case forthwith to the Western Division of the Central District of California.

SIGNED and ENTERED on this 31st day of January 2024.

_____
ALIA MOSES
Chief United States District Judge

2